# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

NATHEN BARTON,

               Plaintiff,

    v.

REAL INNOVATION, INC.;
RICHARDSON MARKETING GROUP,
LLC; DERYCK D. RICHARDSON; PETER
REIERSON; and JOHN DOES 1-10,

               Defendants.

Case No.: 3:24-cv-5194

**ANSWER AND CROSS-
CLAIMS OF DEFENDANT
REAL INNOVATION, INC.;
AND PETER REIERSON**

### ANSWER TO COMPLAINT

Defendants Real Innovation, Inc. and Peter Reierson ("Defendants") respond to Plaintiff's

Amended Complaint in like numbered paragraphs as follows:

### I.     INTRODUCTION

1. This paragraph contains only legal conclusions and does not contain any factual
   allegations alleged toward Defendants; therefore, a response is not necessary.
2. This paragraph contains only legal conclusions and does not contain any factual
   allegations alleged toward Defendants; therefore, a response is not necessary.

ANSWER AND CROSS-CLAIMS - 1
Case No.: 3:24-cv-5194

3.  This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

4.  This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

5.  This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

6.  This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

7.  This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

8.  This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

9.  This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

10. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

11. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

12. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

13. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

14. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

15. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

16. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

17. Admit Real Innovation, Inc. hired Richardson Marketing Group to perform marketing services. Deny the remainder of the allegations in this paragraph.

18. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

19. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

20. Deny.

21. Admit Real Innovation, Inc. hired Richardson Marketing Group to call individuals who opted in to receiving telephone calls regarding insurance and admit that the August 9 and August 22, 2023, phone calls to Plaintiff were initiated by Defendant Richardson Marketing Group. Deny the remainder of the allegations in this paragraph.

22. Admit Plaintiff emailed Real Innovation on August 11, 2023. Deny the remainder of the allegations in this paragraph.

23. The email speaks for itself.

24. Real Innovation, Inc. did receive an additional call with Plaintiff on August 22, 2023 from Richardson Marketing Group where Plaintiff consented to be transferred. Per Plaintiff's prior email, Real Innovation, inc. placed him on Real Innovation, Inc.'s "Do Not Call" list and had not contacted him but did receive a call where Plaintiff again was posing as a prospect consenting to be transferred and then hung up on Real Innovation, Inc.'s agent once connected.

25. Deny. Real Innovation, Inc. received a call from a different marketer in November 2023. Plaintiff provided written consent weeks prior, in October 2023, and consented to be transferred when asked by the marketer at the time of the call.

26. Defendants lack sufficient knowledge or information sufficient to form a belief about

ANSWER AND CROSS-CLAIMS - 3
Case No.: 3:24-cv-5194

the truth of the allegation in this paragraph, and therefore deny.

## II.    BASIS FOR JURISDICTION

27. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

28. Admit jurisdiction with this Court is correct. Deny the remaining allegations in this paragraph.

29. Deny Defendants "directed telephone calls to Plaintiff's phone." Defendants lack sufficient knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

30. Deny. Real Innovation, Inc. never called Plaintiff. To ensure only agents licensed in the state a consumer requests coverage, it is customary to confirm the state of residence.

31. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

32. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

33. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

34. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

35. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

36. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary.

37. Deny.

38. This paragraph contains only legal conclusions and does not contain any factual

ANSWER AND CROSS-CLAIMS - 4
Case No.: 3:24-cv-5194

1    allegations alleged toward Defendants; therefore, a response is not necessary. To the

2    extent a response is necessary, deny.

3                        **III.    THE PARTIES TO THE LITIGATION**

4    39. Defendants lack sufficient knowledge or information sufficient to form a belief about

5        the truth of the allegation in this paragraph, and therefore deny.

6    40. Admit.

7    41. Admit.

8    42. Admit.

9    43. Deny.

10   44. Defendants lack sufficient knowledge or information sufficient to form a belief about

11       the truth of the allegation in this paragraph, and therefore deny.

12   45. Defendants lack sufficient knowledge or information sufficient to form a belief about

13       the truth of the allegation in this paragraph, and therefore deny.

14   46. Defendants lack sufficient knowledge or information sufficient to form a belief about

15       the truth of the allegation in this paragraph, and therefore deny.

16   47. Defendants lack sufficient knowledge or information sufficient to form a belief about

17       the truth of the allegation in this paragraph, and therefore deny.

18   48. This paragraph contains only legal conclusions and does not contain any factual

19       allegations alleged toward Defendants; therefore, a response is not necessary. To the

20       extent a response is necessary, deny.

21                        **IV.    STATEMENT OF CLAIM**

22   49. Defendants lack sufficient knowledge or information sufficient to form a belief about

23       the truth of the allegation in this paragraph, and therefore deny.

24   50. Defendants lack sufficient knowledge or information sufficient to form a belief about

25       the truth of the allegation in this paragraph, and therefore deny.

26   51. Defendants lack sufficient knowledge or information sufficient to form a belief about

27

28   ANSWER AND CROSS-CLAIMS - 5
     Case No.: 3:24-cv-5194

1    the truth of the allegation in this paragraph, and therefore deny.

2    52. Defendants lack sufficient knowledge or information sufficient to form a belief about

3    the truth of the allegation in this paragraph, and therefore deny.

4    53. Defendants lack sufficient knowledge or information sufficient to form a belief about

5    the truth of the allegation in this paragraph, and therefore deny.

6    54. Defendants lack sufficient knowledge or information sufficient to form a belief about

7    the truth of the allegation in this paragraph, and therefore deny.

8    55. Defendants lack sufficient knowledge or information sufficient to form a belief about

9    the truth of the allegation in this paragraph, and therefore deny.

10   56. This paragraph contains only legal conclusions and does not contain any factual

11   allegations alleged toward Defendants; therefore, a response is not necessary. To the

12   extent a response is necessary, deny.

13                                **General Facts**

14   57. Deny that Real Innovation, Inc. initiated any telephone calls to Plaintiff. Defendants

15   lack sufficient knowledge or information sufficient to form a belief about the truth of

16   the remaining allegations in this paragraph, and therefore deny.

17   58. Deny.

18                                  **Monikers**

19   59. Defendants lack sufficient knowledge or information sufficient to form a belief about

20   the truth of the allegation in this paragraph, and therefore deny.

21   60. Defendants lack sufficient knowledge or information sufficient to form a belief about

22   the truth of the allegation in this paragraph, and therefore deny.

23   61. Defendants lack sufficient knowledge or information sufficient to form a belief about

24   the truth of the allegation in this paragraph, and therefore deny.

25   62. Defendants lack sufficient knowledge or information sufficient to form a belief about

26   the truth of the allegation in this paragraph, and therefore deny.

27

28   ANSWER AND CROSS-CLAIMS - 6
     Case No.: 3:24-cv-5194

63. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary. To the extent a response is necessary, deny.

64. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary. To the extent a response is necessary, deny.

65. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

66. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

67. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

68. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

69. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

70. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

71. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

**Script A**

72. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

73. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

74. Defendants lack sufficient knowledge or information sufficient to form a belief about

ANSWER AND CROSS-CLAIMS - 7
Case No.: 3:24-cv-5194

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

the truth of the allegation in this paragraph, and therefore deny.

**Script B**

75. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

76. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

77. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

78. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

79. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

**Script C**

80. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

81. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

82. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

**Script D**

83. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

84. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

85. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

ANSWER AND CROSS-CLAIMS - 8
Case No.: 3:24-cv-5194

**Script E**

86. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

87. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

88. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

**Script F**

89. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

90. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

91. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

**Script G**

92. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

93. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

94. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

95. This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary. To the extent a response is necessary, deny.

96. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph, and therefore deny.

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

1   97. Admit that Real Innovation, Inc. received a similar fraudulent claim of uncontested

2      contact where a serial litigant opted in and requested to be contacted by a marketing

3      firm about certain products and, subsequent to his written and verbal consent, was

4      transferred to Real Innovation, Inc.

5                                   **Script H**

6   98. Defendants lack sufficient knowledge or information sufficient to form a belief about

7      the truth of the allegation in this paragraph, and therefore deny.

8   99. Defendants lack sufficient knowledge or information sufficient to form a belief about

9      the truth of the allegation in this paragraph, and therefore deny.

10   100.    Defendants lack sufficient knowledge or information sufficient to form a belief

11      about the truth of the allegation in this paragraph, and therefore deny.

12   101.    Defendants lack sufficient knowledge or information sufficient to form a belief

13      about the truth of the allegation in this paragraph, and therefore deny.

14                                   **Script I**

15   102.    Defendants lack sufficient knowledge or information sufficient to form a belief

16      about the truth of the allegation in this paragraph, and therefore deny.

17   103.    Defendants lack sufficient knowledge or information sufficient to form a belief

18      about the truth of the allegation in this paragraph, and therefore deny.

19                                   **Script J**

20   104.    Defendants lack sufficient knowledge or information sufficient to form a belief

21      about the truth of the allegation in this paragraph, and therefore deny.

22   105.    Defendants lack sufficient knowledge or information sufficient to form a belief

23      about the truth of the allegation in this paragraph, and therefore deny.

24                                   **Script K**

25   106.    Defendants lack sufficient knowledge or information sufficient to form a belief

26      about the truth of the allegation in this paragraph, and therefore deny.

27

28   ANSWER AND CROSS-CLAIMS - 10
Case No.: 3:24-cv-5194

1    107.    Defendants lack sufficient knowledge or information sufficient to form a belief

2        about the truth of the allegation in this paragraph, and therefore deny.

3                    **Tying all the monikers to the Telemarketer**

4    108.    Deny.

5    109.    Defendants lack sufficient knowledge or information sufficient to form a belief

6        about the truth of the allegation in this paragraph, and therefore deny.

7    110.    Defendants lack sufficient knowledge or information sufficient to form a belief

8        about the truth of the allegation in this paragraph, and therefore deny.

9    111.    Defendants lack sufficient knowledge or information sufficient to form a belief

10        about the truth of the allegation in this paragraph, and therefore deny.

11    112.    Defendants lack sufficient knowledge or information sufficient to form a belief

12        about the truth of the allegation in this paragraph, and therefore deny.

13    113.    Defendants lack sufficient knowledge or information sufficient to form a belief

14        about the truth of the allegation in this paragraph, and therefore deny.

15    114.    Defendants lack sufficient knowledge or information sufficient to form a belief

16        about the truth of the allegation in this paragraph, and therefore deny.

17    115.    Deny.

18    116.    Defendants lack sufficient knowledge or information sufficient to form a belief

19        about the truth of the allegation in this paragraph, and therefore deny.

20    117.    Defendants lack sufficient knowledge or information sufficient to form a belief

21        about the truth of the allegation in this paragraph, and therefore deny.

22    118.    Defendants lack sufficient knowledge or information sufficient to form a belief

23        about the truth of the allegation in this paragraph, and therefore deny.

24    119.    Defendants lack sufficient knowledge or information sufficient to form a belief

25        about the truth of the allegation in this paragraph, and therefore deny.

26    120.    Defendants lack sufficient knowledge or information sufficient to form a belief

27

28    ANSWER AND CROSS-CLAIMS - 11
    Case No.: 3:24-cv-5194

1    about the truth of the allegation in this paragraph, and therefore deny.

2    121.    Defendants lack sufficient knowledge or information sufficient to form a belief

3    about the truth of the allegation in this paragraph, and therefore deny.

4    122.    Deny.

5    123.    Defendants lack sufficient knowledge or information sufficient to form a belief

6    about the truth of the allegation in this paragraph, and therefore deny.

7    124.    Defendants lack sufficient knowledge or information sufficient to form a belief

8    about the truth of the allegation in this paragraph, and therefore deny.

9    125.    Defendants lack sufficient knowledge or information sufficient to form a belief

10    about the truth of the allegation in this paragraph, and therefore deny.

11    126.    Defendants lack sufficient knowledge or information sufficient to form a belief

12    about the truth of the allegation in this paragraph, and therefore deny.

13    127.    Deny.

14    128.    Defendants lack sufficient knowledge or information sufficient to form a belief

15    about the truth of the allegation in this paragraph, and therefore deny.

16    129.    Defendants lack sufficient knowledge or information sufficient to form a belief

17    about the truth of the allegation in this paragraph, and therefore deny.

18    130.    Defendants lack sufficient knowledge or information sufficient to form a belief

19    about the truth of the allegation in this paragraph, and therefore deny.

20    131.    Defendants lack sufficient knowledge or information sufficient to form a belief

21    about the truth of the allegation in this paragraph, and therefore deny.

22    132.    Defendants lack sufficient knowledge or information sufficient to form a belief

23    about the truth of the allegation in this paragraph, and therefore deny.

24                                    **The Calls**

25    133.    This paragraph contains only legal conclusions and does not contain any factual

26    allegations alleged toward Defendants; therefore, a response is not necessary. To the

27

28    ANSWER AND CROSS-CLAIMS - 12
      Case No.: 3:24-cv-5194

1     extent a response is necessary, deny.

2     134.    This paragraph contains only legal conclusions and does not contain any factual

3     allegations alleged toward Defendants; therefore, a response is not necessary. To the

4     extent a response is necessary, deny.

5     135.    This paragraph contains only legal conclusions and does not contain any factual

6     allegations alleged toward Defendants; therefore, a response is not necessary. To the

7     extent a response is necessary, deny.

8     136.    This paragraph contains only legal conclusions and does not contain any factual

9     allegations alleged toward Defendants; therefore, a response is not necessary. To the

10     extent a response is necessary, deny.

11     137.    This paragraph contains only legal conclusions and does not contain any factual

12     allegations alleged toward Defendants; therefore, a response is not necessary. To the

13     extent a response is necessary, deny.

14     138.    This paragraph contains only legal conclusions and does not contain any factual

15     allegations alleged toward Defendants; therefore, a response is not necessary. To the

16     extent a response is necessary, deny.

17     139.    Deny.

18     140.    This paragraph contains only legal conclusions and does not contain any factual

19     allegations alleged toward Defendants; therefore, a response is not necessary. To the

20     extent a response is necessary, deny.

21     141.    This paragraph contains only legal conclusions and does not contain any factual

22     allegations alleged toward Defendants; therefore, a response is not necessary. To the

23     extent a response is necessary, deny.

24     142.    This paragraph contains only legal conclusions and does not contain any factual

25     allegations alleged toward Defendants; therefore, a response is not necessary. To the

26     extent a response is necessary, deny.

27

28     ANSWER AND CROSS-CLAIMS - 13
      Case No.: 3:24-cv-5194

1    143.    This paragraph contains only legal conclusions and does not contain any factual

2    allegations alleged toward Defendants; therefore, a response is not necessary. To the

3    extent a response is necessary, deny.

4    144.    This paragraph contains only legal conclusions and does not contain any factual

5    allegations alleged toward Defendants; therefore, a response is not necessary. To the

6    extent a response is necessary, deny.

7    145.    This paragraph contains only legal conclusions and does not contain any factual

8    allegations alleged toward Defendants; therefore, a response is not necessary. To the

9    extent a response is necessary, deny.

10    146.    This paragraph contains only legal conclusions and does not contain any factual

11    allegations alleged toward Defendants; therefore, a response is not necessary. To the

12    extent a response is necessary, deny.

13    147.    Deny.

14    148.    Defendants lack sufficient knowledge or information sufficient to form a belief

15    about the truth of the allegation in this paragraph, and therefore deny.

16    149.    Defendants lack sufficient knowledge or information sufficient to form a belief

17    about the truth of the allegation in this paragraph, and therefore deny.

18    150.    This paragraph contains only legal conclusions and does not contain any factual

19    allegations alleged toward Defendants; therefore, a response is not necessary. To the

20    extent a response is necessary, deny.

21    151.    Defendants lack sufficient knowledge or information sufficient to form a belief

22    about the truth of the allegation in this paragraph, and therefore deny.

23    152.    Defendants lack sufficient knowledge or information sufficient to form a belief

24    about the truth of the allegation in this paragraph, and therefore deny.

25    153.    Deny.

26    154.    Defendants lack sufficient knowledge or information sufficient to form a belief

27

28    ANSWER AND CROSS-CLAIMS - 14
Case No.: 3:24-cv-5194

1    about the truth of the allegation in this paragraph, and therefore deny.

2    155.    Defendants lack sufficient knowledge or information sufficient to form a belief

3         about the truth of the allegation in this paragraph, and therefore deny.

4    156.    Defendants lack sufficient knowledge or information sufficient to form a belief

5         about the truth of the allegation in this paragraph, and therefore deny.

6    157.    Defendants lack sufficient knowledge or information sufficient to form a belief

7         about the truth of the allegation in this paragraph, and therefore deny.

8    158.    Defendants lack sufficient knowledge or information sufficient to form a belief

9         about the truth of the allegation in this paragraph, and therefore deny.

10   159.    Defendants lack sufficient knowledge or information sufficient to form a belief

11        about the truth of the allegation in this paragraph, and therefore deny.

12   160.    Deny the Defendants made any calls to Plaintiff. Defendants lack sufficient

13        knowledge or information sufficient to form a belief about the truth of the remaining

14        allegations in this paragraph, and therefore deny.

15   161.    Deny the Defendants initiated any calls to Plaintiff. Defendants lack sufficient

16        knowledge or information sufficient to form a belief about the truth of the remaining

17        allegations in this paragraph, and therefore deny.

18   162.    Deny.

19   163.    Deny the Defendants initiated any calls to Plaintiff. Defendants lack sufficient

20        knowledge or information sufficient to form a belief about the truth of the remaining

21        allegations in this paragraph, and therefore deny.

22                         **RIL is Liable for all the Calls**

23   164.    Admit.

24   165.    Admit Real Innovation, Inc. licensed insurance agents accept transfers from lead

25        generation contractors.

26   166.    Admit.

27

28   ANSWER AND CROSS-CLAIMS - 15
     Case No.: 3:24-cv-5194

167.    Admit Real Innovation, Inc. contracted with Defendant Richardson Marketing Group to provide client leads on or before August 9, 2023.

168.    Admit Real Innovation, Inc. new Defendant Richardson Marketing Group was transferring clients who opted in to being called to Real Innovation, Inc.'s licensed insurance agents on or before August 9, 2023.

169.    Deny Defendants initiated any call on August 9, 2023. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny.

170.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny.

171.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny.

172.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny.

173.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny.

174.    Admit Richardson Marketing Group transferred a telephone call to Real Innovation, Inc.'s licensed insurance agent on August 9, 2023.

175.    Admit.

176.    Admit.

177.    Deny.

178.    Admit.

179.    Admit Mr. McNeal sold insurance. Deny the remaining allegations in this paragraph.

180.    Admit Mr. McNeal sold burial insurance. Deny the remaining allegations in this paragraph.

ANSWER AND CROSS-CLAIMS - 16
Case No.: 3:24-cv-5194

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

1    181.    Deny.

2    182.    Admit that Mr. McNeal was accepting transfers from Real Innovation, Inc.'s lead

3        generation contractors. Deny the remaining allegations in this paragraph.

4    183.    Defendants lack sufficient knowledge or information sufficient to form a belief

5        about the truth of the remaining allegations in this paragraph, and therefore deny.

6    184.    Admit.

7    185.    Admit.

8    186.    Admit.

9    187.    Admit.

10   188.    Defendants lack sufficient knowledge or information sufficient to form a belief

11       about the truth of the remaining allegations in this paragraph, and therefore deny.

12   189.    Defendants lack sufficient knowledge or information sufficient to form a belief

13       about the truth of the remaining allegations in this paragraph, and therefore deny.

14   190.    Defendants lack sufficient knowledge or information sufficient to form a belief

15       about the truth of the remaining allegations in this paragraph, and therefore deny.

16   191.    Admit Richardson Marketing Group transferred leads to Real Innovation, Inc. and

17       that Plaintiff emailed Real Innovation, Inc. on August 11, 2023. Deny the remaining

18       allegations in this paragraph.

19   192.    Admit Real Innovation, Inc. contracts with Richardson Marketing Group for lead

20       generation. Deny the remaining allegations in this paragraph.

21   193.    Deny.

22   194.    Defendants lack sufficient knowledge or information sufficient to form a belief

23       about the truth of the allegations in this paragraph, and therefore deny.

24   195.    Defendants lack sufficient knowledge or information sufficient to form a belief

25       about the truth of the allegations in this paragraph, and therefore deny.

26   196.    Defendants lack sufficient knowledge or information sufficient to form a belief

27

28   ANSWER AND CROSS-CLAIMS - 17
     Case No.: 3:24-cv-5194

1    about the truth of the allegations in this paragraph, and therefore deny.

2    197.    Defendants lack sufficient knowledge or information sufficient to form a belief

3    about the truth of the allegations in this paragraph, and therefore deny.

4    198.    Admit.

5    199.    Admit. See answer to ¶186.

6    200.    Admit Real Innovation, Inc. accepted a transfer on August 22, 2023. Defendants

7    lack sufficient knowledge or information sufficient to form a belief about the truth of

8    the remaining allegations in this paragraph, and therefore deny.

9    201.    Admit Real Innovation, Inc. new Defendant Richardson Marketing Group was

10    transferring clients who opted in to being called to Real Innovation, Inc.'s licensed

11    insurance agents on August 22, 2023.

12    202.    Admit Real Innovation, Inc. contracted with Defendant Richardson Marketing

13    Group to provide client leads on or before August 22, 2023.

14    203.    Defendants lack sufficient knowledge or information sufficient to form a belief

15    about the truth of the allegations in this paragraph, and therefore deny.

16    204.    Admit Real Innovation, Inc. agent Damon Roosh was placed on the call with

17    Plaintiff.

18    205.    Deny.

19    206.    Deny.

20    207.    Admit everything prior to "[zip noise indicates Damon left the call]". Defendants

21    lack sufficient knowledge or information sufficient to form a belief about the truth of

22    the remaining allegations in this paragraph, and therefore deny.

23    208.    Deny.

24    209.    Admit.

25    210.    Admit Mr. McNeal sold insurance. Deny the remaining allegations in this

26    paragraph.

27

28    ANSWER AND CROSS-CLAIMS - 18
      Case No.: 3:24-cv-5194

211.   Deny.

212.   Deny.

213.   Admit.

214.   Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

215.   Admit.

216.   Admit.

217.   Admit.

218.   Admit.

219.   Deny.

220.   Deny.

221.   Admit that Real Innovation, Inc. contracted with Richardson Marketing Group to provide leads to Real Innovation, Inc. in compliance will all State and Federal Laws. Deny the remaining allegations in this paragraph.

222.   Deny.

223.   Deny.

224.   Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

225.   Deny that Defendants made any call to Plaintiff on November 21, 2023. Real Innovation, Inc. received a call on November 21, 2023, from a different marketer where Plaintiff had, in October 2023 visited that marketer's website and consented to be contacted for quotes as to certain products.

226.   Deny.

227.   Deny.

228.   Deny.

229.   Defendants lack sufficient knowledge or information sufficient to form a belief

ANSWER AND CROSS-CLAIMS - 19
Case No.: 3:24-cv-5194

1    about the truth of the allegations in this paragraph, and therefore deny.

2    230.    Defendants lack sufficient knowledge or information sufficient to form a belief

3    about the truth of the allegations in this paragraph, and therefore deny.

4    231.    Defendants lack sufficient knowledge or information sufficient to form a belief

5    about the truth of the allegations in this paragraph, and therefore deny.

6    232.    Defendants lack sufficient knowledge or information sufficient to form a belief

7    about the truth of the allegations in this paragraph, and therefore deny.

8    233.    Defendants lack sufficient knowledge or information sufficient to form a belief

9    about the truth of the allegations in this paragraph, and therefore deny.

10    234.    Defendants lack sufficient knowledge or information sufficient to form a belief

11    about the truth of the allegations in this paragraph, and therefore deny.

12    235.    Defendants lack sufficient knowledge or information sufficient to form a belief

13    about the truth of the allegations in this paragraph, and therefore deny.

14    236.    Defendants lack sufficient knowledge or information sufficient to form a belief

15    about the truth of the allegations in this paragraph, and therefore deny.

16    237.    Defendants lack sufficient knowledge or information sufficient to form a belief

17    about the truth of the allegations in this paragraph, and therefore deny.

18    238.    Admit Real Innovation, Inc. was transferred a telephone call on November 21,

19    2023.

20    239.    Deny.

21    240.    Admit.

22    241.    Admit Mr. Baca sold insurance. Deny the remaining allegations in this paragraph.

23    242.    Deny.

24    243.    Admit.

25    244.    Admit.

26    245.    Deny.

27

28    ANSWER AND CROSS-CLAIMS - 20
Case No.: 3:24-cv-5194

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

1  246.   Deny.

2  247.   Deny.

3  248.   Admit.

4  249.   Admit.

5  250.   Admit.

6  251.   Admit.

7  252.   Deny.

8  253.   Admit.

9  254.   Admit Ms. Oliver sold insurance. Deny the remaining allegations in this paragraph.

10  255.   Deny.

11  256.   Deny.

12  257.   Deny.

13  258.   Admit.

14  259.   Admit.

15  260.   Admit.

16  261.   Admit.

17  262.   Admit.

18  263.   Defendants can neither admit nor deny the allegations in this paragraph as the

19      website referenced is illegible.

20  264.   Defendants can neither admit nor deny the allegations in this paragraph as the

21      website referenced is illegible.

22  265.   Defendants can neither admit nor deny the allegations in this paragraph as the

23      website referenced is illegible.

24  266.   Admit some of Real Innovation, Inc.'s agents and leadership used to work for

25      Assurance, Inc.

26  267.   Admit.

27

28  ANSWER AND CROSS-CLAIMS - 21
Case No.: 3:24-cv-5194

1    268.    Admit.

2    269.    Admit.

3    270.    Admit.

4    271.    Deny.

5    272.    Admit.

6    273.    Admit.

7    274.    Defendants lack sufficient knowledge or information sufficient to form a belief

8         about the truth of the allegations in this paragraph, and therefore deny.

9    275.    Defendants lack sufficient knowledge or information sufficient to form a belief

10        about the truth of the allegations in this paragraph, and therefore deny.

11   276.    Defendants lack sufficient knowledge or information sufficient to form a belief

12        about the truth of the allegations in this paragraph, and therefore deny.

13   277.    Defendants lack sufficient knowledge or information sufficient to form a belief

14        about the truth of the allegations in this paragraph, and therefore deny.

15   278.    Defendants lack sufficient knowledge or information sufficient to form a belief

16        about the truth of the allegations in this paragraph, and therefore deny.

17   279.    Defendants lack sufficient knowledge or information sufficient to form a belief

18        about the truth of the allegations in this paragraph, and therefore deny.

19   280.    Defendants lack sufficient knowledge or information sufficient to form a belief

20        about the truth of the allegations in this paragraph, and therefore deny.

21   281.    Real Innovation, Inc. has ended its contracts with Richardson Marketing Group.

22   282.    Deny.

23   283.    Deny.

24   284.    Deny.

25   285.    Deny.

26                        **RMG Is Liable for All the Calls**

27

28   ANSWER AND CROSS-CLAIMS - 22
     Case No.: 3:24-cv-5194

286.    Admit the August 9, 2023, and August 22, 2023, calls referenced in the Amended Complaint were transferred from Richardson Marketing Group to Real Innovation Inc. Deny the remaining allegations in this paragraph.

287.    Deny.

288.    This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary. To the extent a response is necessary, deny.

289.    This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary. To the extent a response is necessary, deny.

290.    This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary. To the extent a response is necessary, deny.

291.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

292.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

293.    Defendants cannot respond to this allegation as the website address is illegible.

294.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

295.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

296.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

297.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

298.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

299.    This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary. To the extent a response is necessary, deny.

300.    This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary. To the extent a response is necessary, deny.

301.    This paragraph contains only legal conclusions and does not contain any factual allegations alleged toward Defendants; therefore, a response is not necessary. To the extent a response is necessary, deny.

302.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

303.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

304.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

305.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

306.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

307.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

308.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

309.    Defendants lack sufficient knowledge or information sufficient to form a belief

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

1    about the truth of the allegations in this paragraph, and therefore deny.

2    310.    Defendants lack sufficient knowledge or information sufficient to form a belief

3    about the truth of the allegations in this paragraph, and therefore deny.

4    311.    Defendants lack sufficient knowledge or information sufficient to form a belief

5    about the truth of the allegations in this paragraph, and therefore deny.

6    312.    Defendants lack sufficient knowledge or information sufficient to form a belief

7    about the truth of the allegations in this paragraph, and therefore deny.

8    313.    Defendants lack sufficient knowledge or information sufficient to form a belief

9    about the truth of the allegations in this paragraph, and therefore deny.

10    314.    Defendants lack sufficient knowledge or information sufficient to form a belief

11    about the truth of the allegations in this paragraph, and therefore deny.

12    315.    Defendants cannot response to the allegations in this paragraph as portions of the

13    paragraph are illegible.

14    316.    Defendants lack sufficient knowledge or information sufficient to form a belief

15    about the truth of the allegations in this paragraph, and therefore deny.

16    317.    Defendants cannot respond to the allegations in this paragraph because the website

17    address is illegible.

18    318.    Admit.

19    319.    Deny.

20    320.    Deny.

21    321.    Deny.

22    322.    Deny.

23    323.    This paragraph does not contain any factual allegations that require a response. To

24    the extent a response is necessary, deny.

25    324.    Admit.

26    325.    Admit.

27

28    ANSWER AND CROSS-CLAIMS - 25
Case No.: 3:24-cv-5194

1    326.    Admit.

2    327.    Admit.

3    328.    Admit.

4    329.    Admit.

5    330.    Deny.

6    331.    Defendants lack sufficient knowledge or information sufficient to form a belief

7    about the truth of the allegations in this paragraph, and therefore deny.

8    332.    The allegations in this paragraph are not directed at Defendants and therefore a

9    response is not necessary. To the extent a response is required, deny.

10    333.    Defendants lack sufficient knowledge or information sufficient to form a belief

11    about the truth of the allegations in this paragraph, and therefore deny.

12    334.    Defendants lack sufficient knowledge or information sufficient to form a belief

13    about the truth of the allegations in this paragraph, and therefore deny.

14    **Richardson and Reierson are Liable for the Calls**

15    335.    Admit.

16    336.    Admit.

17    337.    Defendants lack sufficient knowledge or information sufficient to form a belief

18    about the truth of the allegations in this paragraph, and therefore deny.

19    338.    Admit.

20    339.    Real Innovation, Inc. admits Richardson Marketing Group generated leads on its

21    behalf. Deny the remainder of the allegations in this paragraph.

22    340.    Real Innovation, Inc. admits Richardson Marketing Group generated leads on its

23    behalf on or before August 8, 2023. Deny the remainder of the allegations in this

24    paragraph.

25    341.    Deny.

26    342.    Deny.

27

28    ANSWER AND CROSS-CLAIMS - 26
Case No.: 3:24-cv-5194

343.    Real Innovation, Inc. admits Richardson Marketing Group generated leads on its behalf in 2023. Deny the remainder of the allegations in this paragraph.

344.    Deny.

345.    Deny.

346.    Real Innovation, Inc. admits Richardson Marketing Group generated leads on its behalf in 2023 and transferred leads who had opted in to being contact to Real Innovation, Inc.'s licensed insurance agents. Deny the remainder of the allegations in this paragraph.

347.    Real Innovation, Inc. admits it contracted with other companies to generate leads.

348.    Deny.

349.    Deny.

350.    Deny.

351.    Admit Mr. Reierson is the Chief Executive Officer of Real Innovation, Inc.

352.    Mr. Reierson admits Richardson Marketing Group generated leads on Real Innovation, Inc.'s behalf on or before August 8, 2023. Deny the remainder of the allegations in this paragraph.

353.    Mr. Reierson admits other companies were contracted with Real Innovation, Inc. to generate leads on Real Innovation, Inc.'s behalf on or before August 8, 2023. Deny the remainder of the allegations in this paragraph.

354.    Deny.

355.    Deny.

356.    Deny. The reference to the website is illegible.

357.    Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny.

358.    Deny.

359.    Defendants lack sufficient knowledge or information sufficient to form a belief

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

1    about the truth of the allegations in this paragraph, and therefore deny.

2    360.    Deny.

3    361.    Deny.

4    362.    Defendants lack sufficient knowledge or information sufficient to form a belief

5    about the truth of the allegations in this paragraph, and therefore deny.

6    363.    Defendants lack sufficient knowledge or information sufficient to form a belief

7    about the truth of the allegations in this paragraph, and therefore deny.

8    364.    Deny.

9    365.    Deny.

10    366.    Defendants lack sufficient knowledge or information sufficient to form a belief

11    about the truth of the allegations in this paragraph, and therefore deny.

12    367.    Deny.

13    368.    Defendants lack sufficient knowledge or information sufficient to form a belief

14    about the truth of the allegations in this paragraph, and therefore deny.

15    369.    Deny.

16    370.    Defendants lack sufficient knowledge or information sufficient to form a belief

17    about the truth of the allegations in this paragraph, and therefore deny.

18    371.    Deny.

19    372.    Defendants lack sufficient knowledge or information sufficient to form a belief

20    about the truth of the allegations in this paragraph, and therefore deny.

21    373.    Deny.

22    374.    Deny.

23    375.    Deny.

24    376.    Deny.

25    377.    Deny.

26    378.    Deny.

27

28    ANSWER AND CROSS-CLAIMS - 28
     Case No.: 3:24-cv-5194

1    379.    Deny.

2    380.    Deny.

3    381.    Deny.

4    382.    Deny.

5    383.    Deny.

6    384.    Deny.

7    385.    Deny.

8    386.    Deny.

9    387.    Deny.

10   388.    Defendants lack sufficient knowledge or information sufficient to form a belief

11          about the truth of the allegations in this paragraph, and therefore deny.

12   389.    Deny.

13   390.    Mr. Reierson and Real Innovation, Inc. regularly review with the employees and

14          agents of Real Innovation, Inc. the importance of complying with both State and

15          Federal law. Deny the remaining allegations in this paragraph.

16   391.    Defendants lack sufficient knowledge or information sufficient to form a belief

17          about the truth of the allegations in this paragraph, and therefore deny.

18   392.    Deny.

19   393.    Deny.

20   394.    Deny.

21   395.    Defendants lack sufficient knowledge or information sufficient to form a belief

22          about the truth of the allegations in this paragraph, and therefore deny.

23   396.    Defendants lack sufficient knowledge or information sufficient to form a belief

24          about the truth of the allegations in this paragraph, and therefore deny.

25   397.    Defendants lack sufficient knowledge or information sufficient to form a belief

26          about the truth of the allegations in this paragraph, and therefore deny.

27

28   ANSWER AND CROSS-CLAIMS - 29
     Case No.: 3:24-cv-5194

398.    Defendants lack sufficient knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph, and therefore deny.

**These calls are Annoying**

399.    This paragraph does not assert any factual allegations against Defendants therefore

a response is not necessary. To the extent a response is required, deny.

400.    This paragraph does not assert any factual allegations against Defendants therefore

a response is not necessary. To the extent a response is required, deny.

401.    This paragraph does not assert any factual allegations against Defendants therefore

a response is not necessary. To the extent a response is required, deny.

402.    Deny that Defendants initiated any alleged phone calls.

**V.      RELIEF**

**Federal Claims – TCPA 47 U.S.C. 227 & 47 C.F.R. § 64.1200**

**Count 1**

403.    Deny.

**Count 2**

404.    Deny.

**Count 3**

405.    Deny.

406.    Deny.

407.    Deny.

**Count 4**

408.    Deny.

**Count 5**

409.    Deny.

410.    Deny.

411.    Deny.

ANSWER AND CROSS-CLAIMS - 30
Case No.: 3:24-cv-5194

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

1   412.    Deny.

2                                    **Count 6**

3   413.    Deny.

4   414.    Deny.

5                              **Washington State Claims**

6                                    **Count 7**

7                         **RCW 80.36.390 – Prior to July 23, 2023**

8   415.    This paragraph includes only legal conclusions therefore no response is necessary.

9           To the extent a response is required, deny.

10  416.    This paragraph includes only legal conclusions therefore no response is necessary.

11          To the extent a response is required, deny.

12  417.    Deny.

13                                   **Count 8**

14  418.    This paragraph includes only legal conclusions therefore no response is necessary.

15          To the extent a response is required, deny.

16  419.    This paragraph includes only legal conclusions therefore no response is necessary.

17          To the extent a response is required, deny.

18  420.    Deny.

19                    **RCW 80.36.390 – On or after July 23, 2023.**

20                                   **Count 8**

21  421.    This paragraph includes only legal conclusions therefore no response is necessary.

22          To the extent a response is required, deny.

23  422.    This paragraph includes only legal conclusions therefore no response is necessary.

24          To the extent a response is required, deny.

25  423.    Deny.

26                                   **Count 9**

27

28  ANSWER AND CROSS-CLAIMS - 31
    Case No.: 3:24-cv-5194

                                        MAUSETH LEGAL, PLLC
                                        16108 Ash Way, Suite 201
                                        Lynnwood, WA 98087
                                        (425) 242-5111

1    424.    This paragraph includes only legal conclusions therefore no response is necessary.

2        To the extent a response is required, deny.

3    425.    This paragraph includes only legal conclusions therefore no response is necessary.

4        To the extent a response is required, deny.

5    426.    Deny.

6                    **Count 10**

7    427.    This paragraph includes only legal conclusions therefore no response is necessary.

8        To the extent a response is required, deny.

9    428.    This paragraph includes only legal conclusions therefore no response is necessary.

10        To the extent a response is required, deny.

11    429.    Defendants lack sufficient knowledge or information sufficient to form a belief

12        about the truth of the allegations in this paragraph, and therefore deny.

13                    **Count 11**

14    430.    This paragraph includes only legal conclusions therefore no response is necessary.

15        To the extent a response is required, deny.

16    431.    This paragraph includes only legal conclusions therefore no response is necessary.

17        To the extent a response is required, deny.

18    432.    Deny.

19                    **Count 12**

20    433.    This paragraph includes only legal conclusions therefore no response is necessary.

21        To the extent a response is required, deny.

22    434.    This paragraph includes only legal conclusions therefore no response is necessary.

23        To the extent a response is required, deny.

24    435.    Deny.

25    436.    Deny.

26                    **Count 13**

27

28    ANSWER AND CROSS-CLAIMS - 32
     Case No.: 3:24-cv-5194

1    437.    This paragraph includes only legal conclusions therefore no response is necessary.

2    To the extent a response is required, deny.

3    438.    This paragraph includes only legal conclusions therefore no response is necessary.

4    To the extent a response is required, deny.

5    439.    Deny.

6    440.    Deny.

7

**RCW 80.36.400**

8

**Count 14**

9    441.    This paragraph includes only legal conclusions therefore no response is necessary.

10    To the extent a response is required, deny.

11    442.    Deny.

12    443.    Deny.

13    444.    Deny.

14    445.    This paragraph includes only legal conclusions therefore no response is necessary.

15    To the extent a response is required, deny.

16

**Treble Damages**

17    446.    Deny.

18    447.    Deny.

19    448.    Deny.

20    449.    Deny.

21    450.    Defendants lack sufficient knowledge or information sufficient to form a belief

22    about the truth of the allegations in this paragraph, and therefore deny.

23    451.    Deny that Plaintiff is entitled to any relief.

24

**Injunctive Relief**

25    452.    This paragraph includes only legal conclusions therefore no response is necessary.

26    To the extent a response is required, deny.

27

28    ANSWER AND CROSS-CLAIMS - 33
Case No.: 3:24-cv-5194

453.   Deny.

454.   Deny that Plaintiff is entitled to any relief.

**All Possible Statutory Damages**

455.   Deny that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

1.   The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.   Plaintiff's claims are barred, in whole or in part, by the fact that he has not sustained a compensable injury by the acts alleged in the Complaint.

3.   The Complaint and each purported claim contained therein are barred to the extent Plaintiff consented to the alleged phone calls.

4.   The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and ratifications, and/or the applicable statute of limitations.

5.   Plaintiff's damages, if any, have been caused by his own action or inaction.

6.   Plaintiff failed to mitigate his damages.

7.   Interpretations of the Telephone Consumer Protection Act ("TCPA") upon which Plaintiff's Complaint are based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

8.   The statutory damages provision of the TCPA and statutory penalties sought by Plaintiff violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitutions of the United States, in addition to violating the Due Process Clause of the Fifth and Fourteenth Amendments,

ANSWER AND CROSS-CLAIMS - 34
Case No.: 3:24-cv-5194

because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiff.

9. Any purported damages to Plaintiff, which Defendants deny, are the result of the acts or omissions of persons or entities over which Defendants had neither control nor responsibility.

10. The allegations subject to the Complaint and actions therein are attributable to third-parties over whom Defendant had no control or right to control, and recover is therefore barred or limited.

11. To the extent Defendants have an agency relationship with the co-defendants, Defendants directed such alleged agents to comply with all laws, including the TCPA, and Defendants cannot be held liable – vicariously or otherwise – for the failed actions of its alleged agents.

12. Treble damages are inappropriate as Defendants have not acted willfully or knowingly in violation of the TCPA.

13. Defendants are not liable to Plaintiff because Defendants acted reasonably and with due care and implemented reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227 and/or other laws.

14. Plaintiff is not entitled to attorney's fees, punitive damages, treble damages, exemplary damages, or compensatory damages for his claims.

15. Plaintiff failed to join a necessary party.

**WHEREFORE**, having answered, Defendants Real Innovation, Inc. and Peter Reierson respectfully request the Court enter an Order dismissing Plaintiff's Complaint with prejudice at Plaintiff's costs and granting such other relief as it deems just and equitable.

ANSWER AND CROSS-CLAIMS - 35
Case No.: 3:24-cv-5194

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

DATED this 27th day of May 2024.

MAUSETH LEGAL, PLLC

/s/ Jensen S. Mauseth
Jensen S. Mauseth WSBA No. 45546
Mauseth Legal, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
Telephone:     (425) 242-5111
Fax:              (425) 242-5114
Email:           jmauseth@mausethlegal.com

*Attorneys for Real Innovation, Inc.*
*and Peter Reierson.*

**REAL INNOVATION, INC.'S AND PETER REIERSON'S CROSS CLAIM AGAINST RICHARDSON MARKETING GROUP, LLC AND DERYCK D. RICHARDSON**

Defendant Real Innovation, Inc. ("Real Innovation"), for its cross-claims against Defendants Richardson Marketing Group, LLC and Deryck D. Richardson (collectively "RMG Defendants"), states as follows:

**JURISDICTION**

1. For the limited purpose of this cross-claim and without admitting the truth thereof, Real Innovation reiterates and incorporates herein by reference the allegations in Plaintiff Nathen Barton's ("Plaintiff") Amended Complaint, as if fully stated herein. Real Innovation also incorporates by reference its Answer to Plaintiff's Amended Complaint.

2. This Court has jurisdiction to issue a declaratory judgment determining the rights

ANSWER AND CROSS-CLAIMS - 36
Case No.: 3:24-cv-5194

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

1  and obligations as between co-Defendants Real Innovation and RMG Defendants

2  concerning RMG Defendants' obligation to indemnify Real Innovation against Plaintiff's

3  claims.

4                          **FACTUAL ALLEGATIONS**

5       3.   On or around July 24, 2023, Defendant Richardson Marketing Group, LLC,

6  signed Lead Provision Agreement with Real Innovation, Inc.'s chief marketing officer

7  Chuck Hoskovec. Exhibit 1.

8       4.   The Notes section of Exhibit A to the "Lead Provision Agreement" provides, in

9  part, that "All calls and leads provided by Richardson Marketing Group are TCPA

10  compliant."

11      5.   The "Lead Provision Agreement" also provides that "Each party shall defend,

12  indemnify, and hold harmless the other party and their respective directors, officers, and

13  employees from and against any and all losses, claims, damages (compensatory and

14  punitive), liabilities and expenses, including reasonable costs of investigation and legal

15  counsel fees and disbursements, which may be imposed upon or incurred by the other

16  party as a result of any breach by the other party of this Agreement."

17      6.   Real Innovation materially performed each of its obligations pursuant to the terms

18  of the Lead Provision Agreement.

19             **COUNT I – DECLARATORY JUDGMENT - INDEMNIFICATION**

20      7.   Real Innovation adopts and incorporates by reference the above paragraphs as if

21  fully stated herein.

22      8.   Real Innovation seeks a judicial determination of RMG Defendants' obligations

23  under the Lead Provision Agreement to indemnify Real Innovation for all damages, costs,

24  and reasonable attorneys' fees arising from Plaintiff's Amended Complaint and the

25  allegations therein.

26      9.   Real Innovation and RMG Defendants had a valid contract in which RMG

27

28  ANSWER AND CROSS-CLAIMS - 37
    Case No.: 3:24-cv-5194

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

1   Defendants agreed to "defend, indemnify, and hold harmless [Real Innovation] and [its]

2   respective directors, officers, and employees from and against any and all losses, claims,

3   damages (compensatory and punitive), liabilities and expenses, including reasonable costs

4   of investigation and legal counsel fees and disbursements, which may be imposed upon or

5   incurred by the other party as the result of any breach by the other party of this

6   Agreement."

7       10. Real Innovation and RMG Defendants had a valid contract in which RMG

8   Defendants also agreed and assured Real Innovation that "All call and leads provided by

9   Richardson Marketing Group are TCPA compliant."

10      11. Plaintiff's claims against Real Innovation and RMG Defendants are for violations

11  of the TCPA and similar laws and regulations and are premised on allegations RMG

12  Defendants violation the TCPA and similar laws and regulations.

13      12. RMG Defendants have control and/or authority over its agents, employees, and

14  contractors.

15      13. On or about February 1, 2024, Real Innovation submitted a demand for

16  indemnification to RMG Defendants under the Lead Provision Agreement.

17      14. RMG Defendants have not responded to Real Innovation's demand and have not

18  agreed to defend, indemnify, and hold harmless Real Innovation on Plaintiff's claims

19  against Real Innovation for violations of the TCPA and related laws and regulations.

20      15. Real Innovation is entitled to a declaration that RMG Defendants are required to

21  indemnify Real Innovation pursuant to the Indemnification clause of the Lead Provision

22  Agreement for all damages arising from Plaintiff's claims, including reimbursement of its

23  reasonable attorney's fees and costs and any damages that may be entered against it by this

24  Court.

25              <u>**COUNT II – BREACH OF CONTRACT**</u>

26      16. Real Innovation adopts and incorporates by reference the above paragraphs as if

27

28  ANSWER AND CROSS-CLAIMS - 38
    Case No.: 3:24-cv-5194

fully stated herein.

17. Real Innovation and RMG Defendants had a valid contract in which RMG Defendants agreed to pursue business in accordance with all laws including the TCPA.

18. Real Innovation, in turn, compensated RMG Defendants for their performance under the Lead Provision Agreement.

19. In exchange for compensation, RMG Defendants made several promises, including that they would "defend, indemnify, and hold harmless [Real Innovation] and [its] respective directors, officers, and employees from and against any and all losses, claims, damages (compensatory and punitive), liabilities and expenses, including reasonable costs of investigation and legal counsel fees and disbursements, which may be imposed upon or incurred by the other party as the result of any breach by the other party of this Agreement."

20. RMG Defendants also promised that "All call and leads provided by Richardson Marketing Group are TCPA compliant."

21. The claims against Real Innovation are claims that fall within the parameters of the Indemnification clause.

22. On or about February 1, 2024, Real Innovation submitted a demand for indemnification to RMG Defendants under the Lead Provision Agreement.

23. RMG Defendants have not responded to Real Innovation's demand and have not agreed to defend, indemnify, and hold harmless Real Innovation on Plaintiff's claims against Real Innovation for violations of the TCPA and related laws and regulations.

24. RMG Defendants breached the Lead Provision Agreement by allegedly failing to comply with all laws, including the Telephone Consumer Protection Act, and other related laws and regulations.

25. RMG Defendants' refusal to abide by the terms of the Lead Provision Agreement constitutes a breach of such agreement.

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

1    26. Real Innovation is entitled to damages as against RMG Defendants on their breach

2    of the Lead Provision Agreement, including compensatory damages and attorney's fees and

3    costs of defending against Plaintiff's claims.

4        WHEREFORE, Defendant/Cross-Plaintiff, Real Innovation, Inc. respectfully demands

5    the following relief:

6        1. Full indemnity from RMG Defendants;

7        2. All damages, costs, and reasonable attorneys' fees arising from RMG

8           Defendants' breach of the Lead Provision Agreement; and

9        3. Any and all other relief to which it may be entitled.

10

11   DATED this 27th day of May 2024.

12

13                      MAUSETH LEGAL, PLLC

14

15                      /s/ Jensen S. Mauseth
                        Jensen S. Mauseth WSBA No. 45546
16                      Mauseth Legal, PLLC
                        16108 Ash Way, Suite 201
17                      Lynnwood, WA 98087
                        Telephone:    (425) 242-5111
18                      Fax:          (425) 242-5114
19                      Email:        jmauseth@mausethlegal.com

20                      Attorneys for Real Innovation, Inc.
21                      and Peter Reierson.

22

23

24

25

26

27

28   ANSWER AND CROSS-CLAIMS - 40
     Case No.: 3:24-cv-5194

1

## **CERTIFICATE OF SERVICE**

2

    I hereby certify under the penalty of perjury under the laws of the State of

3

Washington that on the date given below, I caused to be served a true and correct copy of

4

the foregoing ANSWER AND CROSS-CLAIM to the following person(s) in the manner

5

indicated below at the following address(es):

6

7

    X Electronic Service   __ Electronic Mail    __ U.S. Mail   __ Hand Delivery

8

9

Nathen Barton
4618 NW 11th CIR

10

Camas, WA 98607

11

    DATED this 27th day of May 2024, at Lynnwood, Washington.

12

13

*J. Mauseth*

14

Jensen S. Mauseth

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND CROSS-CLAIMS - 41
Case No.: 3:24-cv-5194

# EXHIBIT 1

## <u>LEAD PROVISION AGREEMENT</u>

This Lead Provision Agreement ("Agreement") is made effective this ( 07 / 24 / 2023    ) by and between Richardson Marketing Group, LLC, ("RMG"), and Chuck Hoskovec                          ("Buyer"). Buyer offers products and services.  RMG desires to refer certain prospective customers or leads to Buyer (the "Leads"), and Buyer desires to receive such Lead Information from RMG.  In consideration of the mutual covenants and conditions herein, the parties hereby agree as follows:

**RMG agrees to provide Leads to Buyer and Buyer agrees to receive Leads from RMG. Buyer will pay a fee for each Lead provided to Buyer by RMG as set forth in Exhibit A.**

**<u>Use of Leads</u>**.  Buyer agrees that Buyer shall only use the Leads or contact individuals identified in the Leads in compliance with all applicable laws and regulations.  Buyer furthers agrees that Buyer shall not (1) send anything violent, threatening, pornographic, racist, hateful, or otherwise objectionable, (2) infringe on anyone's intellectual property rights, defame anyone, impersonate anyone, or otherwise violate the rights of a third party, (3) hack, crack, phish, SQL inject, or otherwise compromise the security or integrity of anyone, or (4) take any acts or omit to take any acts that would cause harm to RMG or any individuals identified in the Leads.  Buyer will disclose Lead Info only to its employees, officers, agents and any third parties (i) who have a need to know such Lead information for the purpose of responding to the Leads request; (ii) who are informed and educated on all legal restrictions on the use of the Leads; (iii) comply with all state and federal laws, and any other applicable laws or regulations.

**<u>Compliance</u>**.  Buyer is responsible for ensuring compliance with all state and federal laws and regulations regarding its purchase and use of the Leads.  Buyer will maintain records of and provide contact information for all individuals who request no further solicitation or contact for purposes of soliciting the products offered, in accordance with all state and federal laws and regulations (the "Opt Out List").  Buyer will provide RMG with the Opt Out List to ensure RMG knows when individuals identified in the Leads request no further solicitations.  Buyer further agrees to cooperate with RMG, and provide any information requested by RMG for compliance or security purposes upon RMG's request.  Buyer represents and warrants is it not (1) in violation of any embargoes, export controls, or other laws of the United States or other countries having jurisdiction over this Agreement, RMG, or Buyer, (2) the person or entity executing this Agreement has the authority to bind Buyer, (3) Buyer will provide RMG with personal information, payment information, and other information RMG deems necessary to provide you with the Leads.

**<u>Indemnification</u>**.  Each party shall defend, indemnify, and hold harmless the other party and their respective directors, officers, and employees from and against any and all losses, claims, damages (compensatory and punitive), liabilities and expenses, including reasonable costs of investigation and legal counsel fees and disbursements, which may be imposed upon or incurred by the other party as the result of any breach by the other party of this Agreement.

**<u>Limitation of Liability and Warranties</u>**.

EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE PARTIES MAKE NO FURTHER WARRANTIES AND SPECIFICALLY DISCLAIM ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, AND THOSE ARISING FROM COURSE OF DEALING OR COURSE OF PERFORMANCE.RMG SHALL NOT BE LIABLE FOR ANY CONSEQUENTIAL, DIRECT, INDIRECT, INCIDENTAL, PUNITIVE, SPECIAL, OR EXEMPLARY DAMAGES WHATSOEVER WHETHER BASED IN CONTRACT, TORT, NEGLIGENCE, STRICT LIABILITY OR OTHERWISE, INCURRED BY THE OTHER PARTY ARISING IN ANY WAY OUT OF THIS AGREEMENT, EVEN IF THE OTHER PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.  THE

FOREGOING LIMITATION SHALL APPLY NOTWITHSTANDING ANYTHING ELSEWHERE IN THIS AGREEMENT.

**Term**.  This Agreement shall begin on the Effective Date and continue until either party gives written notice of its intent to terminate this Agreement.  In the event either party terminates the Agreement, Buyer shall still owe and be responsible for all payments or charges, and the RMG shall be entitled to draw from the Account, or Buyer's bank account or credit card, to receive any payments for and Leads or any amounts owed to RMG by Buyer under this Agreement, including disputed or chargebacked funds.  No cash refunds will be given, service will be honored with pre-paid funds.

**Miscellaneous**.  This Agreement represents the entire agreement of the parties and may be amended only by a writing signed by each of them.  It supersedes any agreements, written or oral, by and between the parties.  Any failure of a party to comply with any obligation, covenant, agreement or condition herein may be expressly waived in writing by the other party, but such waiver or failure to insist upon strict compliance with such obligation, covenant, agreement or condition shall not operate as a waiver of, or stopples with respect to, any subsequent or other failure.  Buyer may not assign this Agreement without the prior written consent of RMG.  This Agreement shall be governed, construed and enforced in accordance with the laws of the State of Ohio, without giving effect to the conflict-of-laws principles thereof.  In no event shall either party be liable for any delay or failure on its part to perform under this Agreement, except for the failure to pay any money due to the other party, that is due to causes beyond the reasonable control of such party, including acts of God, war, explosion, fire, flood, or civil disturbance.  The prevailing party in any dispute arising under or regarding this Agreement shall be entitled to an award of their attorneys' fees and costs.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the Effective Date.

**Buyer:**                                       **Richardson Marketing Group, LLC**

By_____          By_____          _____

Name Chuck Hoskovec_____          Name_____  *Deryck Richardson*_____

Title  CMO_____          Title_____  *President*/CEO_____

Date  07 / 24 / 2023_____          Date_____  07 / 24 / 2023_____

**Exhibit A**

Richardson Marketing Group will replace up to 50% of purchased leads for those that are invalid. Captive Agents: Please email a screenshot of the leads that were kicked out of your CRM system. We will replace up to 50% of those kick outs. Independent agents, or agents who do not use a CRM. Please provide a disposition report after calling through your delivery schedule. Disconnects and wrong numbers will be replaced up to 50%. All replacement requests must be sent to rmgleaddelivery@gmail.com and received within 30 days of the delivery schedule.

Initial lead order will be fulfilled in 48-72 business hours from the date the order was placed. For accounts with multiple deliveries, delivery dates are the 1st and 15th of each month.

Subscription Accounts are billed on the 1st and 15th. Unless specified as a Subscription, all orders are one time payments and will require authorization before the credit card is charged. Pauses longer than 30 days will render the Subscription invalid and delivery schedule will start over. To cancel, please email rmgleaddelivery@gmail.com at least 2 weeks prior to next billing date.

Subscription accounts work as follows:

$250/month: Month 1, 300 leads. Month 2, 400 leads. Month 3, 500 leads. Month 4, 600 leads. Month 5, 700 leads. Month 6, 800 leads. Month 7, 900 leads. Month 8 and beyond, 1000 leads.

$500/month: Month 1, 1000 leads. Month 2, 1500 lead. Month 3 and beyond, 2000 lead.

Agent Name: Chuck Hoskovec

Email Address: chuck.h@realinnovation.com, pr@realinnovation.com

Territory: All but 8 states

Initial Amount: $3500

Notes: All calls and leads provided by Richardson Marketing Group are TCPA compliant. If any question or dispute should arise, please contact Richardson Marketing Group and all proof will be provided within 24 hours protecting all parties. 2 minute buffer included. Static Pricing.

Thank you

Amount of Leads: 100

Lead Type: Life

Delivery Schedule: asap

Subscription Amount: $3500

Sales Agent: David Cafeo

**Subscription accounts only:**                          initials  *PR*

Credit Card Holder:                          Credit Card Number:
Peter Reierson                               ▮▮▮▮▮▮
Exp Date:                                    Security Code:
▮▮▮▮                                         ▮▮
Billing Address:
▮▮▮▮▮▮
City, State:                                 Zip:
▮▮▮▮▮                                        ▮▮▮

I authorize RMG to charge the above credit card, monthly, in compliance with this Agreement and Exhibit A.