UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W BARTON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>REAL INNOVATION INC, et al,<br><br>　　　　　　　　Defendants. | CASE NO. 3:24-cv-5194 DGE RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR DEFAULT |

This matter comes before the Court on *pro se* Plaintiff Nathen W Barton's Motion to Strike Dkt. 12 Affirmative Defenses (Dkt. 21) and Amended Motion for Default against Richardson Marketing Group LLC (Dkt. 34). The Court has considered the pleadings filed regarding the motions and remaining file.

In this case, Plaintiff contends that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq*. ("TCPA"), TCPA regulations, and Washington law when they called his mobile phones. Dkt. 1. The Plaintiff seeks damages and other relief. *Id.*

### A. PLAINTIFF'S MOTION TO STRIKE SOME OF DEFENDANT REAL INNOVATION INC.'S AFFIRMATIVE DEFENSES

On May 27, 2024, Defendants Real Innovation Inc. and Peter Reierson (collectively "Real Innovation") filed an answer and asserted affirmative defenses. Dkt. 12. The Plaintiff moves to strike Real Innovations' affirmative defenses No. 1, 5-8, 11, 13, and 15. Dkt. 21.

**Affirmative Defenses Nos. 1, 7, and 8.** Real Innovation filed a response and stipulates to dismissal of affirmative defenses Nos. 1, 7, and 8. Dkt. 26. The Plaintiff's motion (Dkt. 21) should be granted as to those affirmative defenses.

**Affirmative Defenses at Issue**. At issue then, is the Plaintiff's motion to strike the following of Real Innovation's affirmative defenses: (5) Plaintiff's damages, if any, have been cause by his own action or inaction, (6) Plaintiff failed to mitigate his damages, (11) Defendants cannot be held liable for actions of alleged agents, (13) Defendants acted reasonably and with due care, and (15) Plaintiff failed to join a necessary party. Dkt. 21.

**Affirmative Defenses Nos. 5, 6 and 15**. Plaintiff complains that Nos. 5, 6, and 15 failed to plead facts sufficient to enable him to have "fair notice" of what is at issue. Dkt. 21. He further complains that these are not really "affirmative defenses." *Id.* Real Innovation seeks leave to amend affirmative defenses Nos. 5, 6 and 15. Dkt. 26.

Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, 1152 (9th Cir. 2011).

Plaintiff's motion to strike these affirmative defenses (Dkt. 21) should be granted and Real Innovation's motion to amend its affirmative defenses Nos. 5, 6 and 15 (Dkt. 26) should be

granted. Real Innovation has shown that amendment is warranted pursuant to Fed. R. Civ. 15(a)(2). It has demonstrated that its motion is not in bad faith, for undue delay, is not futile and does not unduly prejudice the Plaintiff. *Chudacoff* at 1152. Further, whether Real Innovation mislabeled defenses as affirmative defenses is immaterial. Real Innovation's amended answer and affirmative defenses, if any, should be filed by August 30, 2024.

**Affirmative Defenses Nos. 11 and 13.** Plaintiff's motion to strike affirmative defenses Nos. 11 (lack of vicarious liability) and 13 (Real Innovation acted reasonably) (Dkt. 21) should be denied. Real Innovation sufficiently pleads facts supporting these affirmative defenses. While the Plaintiff offers various theories regarding his interpretation of the TCPA, he has failed to demonstrate that these affirmative defenses should be stricken.

**B. AMENDED MOTION FOR DEFAULT**

On July 9, 2024, Plaintiff filed the Amended Motion for Entry of Default against Defendant Richardson Marketing Group LLC. Dkt. 34. Plaintiff asserts that Defendant Richardson Marketing Group LLC has been properly served and has not appeared. *Id.*

On July 23, 2024, Defendant Deryck Richardson, acting *pro se*, filed an Answer to Complaint. Dkt. 41. The Answer states that Defendant Richardson is in Ohio. *Id.* Defendant Richardson states in his answer that the answer is also filed "on behalf of" Defendant "Richardson Marketing Group LLC." *Id.*

Pursuant to U.S. Dist. Court for the Western Dist. of Washington Local Civil Rule ("Local Rule") 83.2(b)(4), "[a] business entity, except a sole proprietorship, must be represented by counsel." It does not appear that Defendant Richardson is an attorney. Accordingly, he is unable to file an answer on behalf of Richardson Marketing Group LLC. Considering his *pro se* status, Defendant Richardson should be given an opportunity to secure counsel and for counsel

to file an answer for Richardson Marketing Group LLC, if it wishes to have one filed for it. Accordingly, Defendant Richardson should be given until September 17, 2024 to find counsel and for counsel to file an answer for Richardson Marketing Group LLC, if it wishes.

Plaintiff's Amended Motion for Entry of Default against Defendant Richardson Marketing Group LLC (Dkt. 34) should be renoted to September 17, 2024.

## ORDER

It is **ORDERED** that:

- Plaintiff's Motion to Strike Dkt. 12 Affirmative Defenses (Dkt. 21) **IS GRANTED** as to Real Innovation's affirmative defenses Nos. 1, 5-8 and 15, and **DENIED** as to affirmative defenses Nos. 11 and 13;
    - Real Innovation's motion to amend (Dkt. 26) **IS GRANTED**;
    - Real Innovation's amended answer and affirmative defenses, if any, is due by **August 30, 2024**;
- Plaintiff's Amended Motion for Default against Richardson Marketing Group LLC (Dkt. 34) **IS RENOTED** to **September 17, 2024**; and
- Defendant Richardson Marketing Group LLC's answer (by counsel) **IS DUE** by **September 17, 2024.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of August, 2024.

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR DEFAULT - 4