UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br><br>        Plaintiff,<br><br>   v.<br><br>REAL INNOVATION INC. et al.,<br><br>        Defendant. | CASE NO. 3:24-cv-05194-DGE<br><br>ORDER ON DISCOVERY<br>DISPUTE (DKT. NO. 51) |

Before the Court is a Joint Statement of Discovery Dispute submitted by the Parties. (Dkt. No. 51.) This case arises under the Telephone Consumer Protection Act and concerns at least 77 specific calls and potentially more. (*See* Dkt. Nos. 1 at 2; 1-1 at 16–17.) The discovery dispute concerns a Rule 30(b)(6) notice issued by Plaintiff Nathen Barton to depose corporate defendant Real Innovation, Inc. (Dkt. No. 51 at 1.) Defendant raises issues with several deposition topics, including that they call for legal conclusions and are effectively interrogatories, call for mental impressions of an attorney, are disproportionate, or call for inadmissible information about settlements. (*Id.* at 2–4.)

The 30(b)(6) notice spans *503* topics. (*See* Dkt. No. 51-1.) In this circumstance concerning excessive 30(b)(6) topics, "courts do not generally engage in an item-by-item analysis to allow particular topics and rule out others." *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 108 (D. Nev. 2023), *aff'd sub nom. Alvarado-Herrera v. Acuity A Mut. Ins. Co.*, No. 222CV00438CDSNJK, 2023 WL 5035323 (D. Nev. Aug. 4, 2023). Rather, "courts generally issue a protective order precluding enforcement of the notice as currently drafted without prejudice to the issuance of a new notice with appropriately narrowed topics." *Id.*

This Court will not parse through 503 proposed topics to determine which are permissible, nor should Defendant be expected to do so, either. "Although a Rule 30(b)(6) deposition may necessarily entail considerable preparation, the court has a duty to protect a party from being needlessly burdened." *Id.* at 107. Even though the Parties state that "damages could exceed a million dollars," (Dkt. No. 51 at 1), the 503 30(b)(6) deposition topics are plainly excessive. Here, "[t]he deposition topics attempt to cover nearly every conceivable facet of this litigation, making the preparation of a thoroughly educated witness infeasible." *Alvarado-Herrera*, 344 F.R.D. at 110. Further,

> [t]he attempt to gather expansive and detailed facts through a Rule 30(b)(6) deposition notice . . . rather than from individual percipient witnesses [] is disproportionate to the needs of the case given the existence of more appropriate discovery tools and more appropriate deponents. Rule 30(b)(6) is not properly used as a catch-all technique . . . to shift the burden for the . . . remaining discovery needs.

*United States v. Nolen*, 2024 WL 4307772, *4 (E.D. Cal. Sep. 26, 2024).

As such, the Court will construe the Joint Statement of Discovery Dispute as a motion for a protective order and grant the motion. Plaintiff's 30(b)(6) notice is stricken in its entirety. Plaintiff may serve a new, appropriately narrowed 30(b)(6) notice. In so doing, Plaintiff must avoid using deposition topics in place of other discovery tools such as interrogatories and

percipient witness depositions. In general, discovery is only permissible to the extent it is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26

Dated this 15th day of January, 2025.

David G. Estudillo
United States District Judge