Hon. David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN BARTON,

                    Plaintiff,

          v.

REAL INNOVATION, INC.;
RICHARDSON MARKETING GROUP,
LLC; DERYCK D. RICHARDSON; PETER
REIERSON; and JOHN DOES 1-10,

                    Defendants.

Case No.: 3:24-CV-05194-DGE

**JOINT DISCOVERY DISPUTE
STATEMENT**

The parties jointly submit this discovery dispute statement:

The Parties appreciate the Court's review of the prior Joint Discovery Dispute Statement. The original 30(b)(6) notice contained the exact questions Mr. Barton intends to ask at the 30(b)(6) deposition, rather than general "topics." The Parties are amenable to this type of designation but anticipate the 30(b)(6) deposition will either be interrupted or postponed to pursue a protective order as to those questions identified in the Parties' first Joint Discovery Dispute Statement.

To head-off that disruption, the Parties are seeking the Court's guidance now. To assist

the Court the Parties have refined the issues by providing specific examples for which the analysis likely applies to the topics identified in the first Joint Discovery Dispute Statement.

The Parties greatly appreciate the Court's guidance on these matters. If the Court so desires, a discovery conference to discuss these matters may be appropriate.

1. **Depositions Questions as to "contentions" and "facts," "documents," or "evidence" that may support a contention. For example:**

   **Question #2:** Does RI contend that it had consent to call the (972) 207- 5749 phone number at any time in the year 2023? If YES, what facts support RI's contention? What documents does RI believe support RI's facts? If NO, does RI contend that RMG had consent to call the (972) 207-5749 phone number and transfer calls to RI? Could BPO do it?

   **Question #16:** What facts does RI have about Barton that they may use to discredit Barton. What documents support those facts?

   **Additional questions which are in the same vein are numbers: 7,14, 15, 74, 75, 76, 77, 79, 80, 81, 281, & 292.**

   **Real Innovation's Position:** These types of questions are essentially contention interrogatories as to legal positions and contentions which are improper to request of a lay witness during a 30(b)(6) deposition and, provided they are not otherwise objectionable, are more proper for a contention interrogatory. Mr. Barton is generally entitled to discovery of "facts" at the 30(b)(6) deposition but he is not entitled to discovery as to what may "support" a contention or documents that "support" facts at the 30(b)(6) deposition.

   *Shreves v. Frontier Rail Corp.*, No. 1:19-cv-03012-SMJ, 2021 U.S. Dist. LEXIS 54899, *8-9, 2021 WL 6206635 (E. d. Wash. March 23, 2021) ("[A] Rule 30(b)(6) deposition [is] an improper vehicle for taking discovery into legal contentions."); *Zeleny v. Newsom*, No. 17-CV-07357-RS (TSH), 2020 U.S. Dist. LEXIS 100944, 2020 WL 3057467, at *2 (N.D. Cal. June 9, 2020 (questions seeking legal conclusions are an improper topic for a Rule 30(b)(6) deposition).

   **Mr. Barton's Position:** There are two topics in this lawsuit.  #1 – did Real innovation have consent to call Barton.  Barton asks for the kind of *information known or reasonably available to the organization* 30(b)(6) witnesses must provide. *Adamson v. Pierce Cnty.*, 3:21-cv-05592-TMC, 7 (W.D. Wash. Nov. 3, 2023).

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

Not the legal conclusions the *Shreves* case delt with: *you would agree that if Yakima Central failed to fully comply with its Internal Control Plan that it would be in violation of federal regulations; correct?* Not the interpretation of the open carry laws the *Zeleny* case delt with.

"the better rule is to allow parties to craft rule 30(b)(6) inquires similar to contention interrogatories, because this rule will ultimately lead to fewer disputes about what subject matter is permitted in 30(b)(6) depositions and advances the policy underlying the rules favoring disclosure of information." *City of Lincoln v. Cnty. of Placer*, 2:18-cv-00087 KJM AC, (E.D. Cal. Dec. 29, 2021) quoting *Radian Asset Assurance v. College of Christian B. of N.M*, 273 F.R.D. 689, 691 (D.N.M. 2011) (collecting cases).

RI signed a contract with terms that each side presumably understood before signing it. Barton should be permitted to ask Real Innovation what their understanding of their obligations under the contract were, using the terms in the contract or simple business and contract language.

2. **Questions That Call for Legal Conclusions. For example:**

   **Question #74:** **Isn't it true that Exhibit A (Page 45 of Dkt. 12) does not modify the Lead Provision Agreement (Pages 43-44 of Dkt. 12) unless it was signed by RMG? Does RI have any evidence to the contrary?**

   **Question #494:** **If RI believes Mr. Barton gave consent as RI alleges in Affirmative Defense #5 on page 34 of Dkt. 46, were there any facts that caused RI to cross-claim RMG?**

   **Additional questions which are in the same vein are numbers: 71, 75, 79, 80, 81, 89, 490, 491, 492, 493, & 495.**

   **Real Innovation's Position:** Questions posed in this manner seek information as to legal conclusions, interpretations, and legal decisions.

   *Shreves v. Frontier Rail Corp.*, No. 1:19-cv-03012-SMJ, 2021 U.S. Dist. LEXIS 54899, *8-9, 2021 WL 6206635 (E. d. Wash. March 23, 2021) ("[A] Rule 30(b)(6) deposition [is] an improper vehicle for taking discovery into legal contentions."); *Zeleny v. Newsom*, No. 17-CV-07357-RS (TSH), 2020 U.S. Dist. LEXIS 100944, 2020 WL 3057467, at *2 (N.D. Cal. June 9, 2020 (questions seeking legal conclusions are an improper topic for a Rule 30(b)(6) deposition; *Microsoft v. Motorola, Inc.*, No. C10-1823JLR, 2013 U.S. Dist. LEXIS 109905, at *74–78, 2013 WL 4008822 (W.D. Wash. Aug. 5, 2013) ("legal conclusions are left to the court"); *Jones v. Rabanco, Ltd.*, No. C03-3195P, 2006 U.S. Dist. LEXIS 27148, at *23 (W.D.

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

Wash. April 26, 2006); *Cutter & Buck, Inc. v. Genesis Ins. Co.*, 306 F. Supp. 2d 988 at 999 (2004) ("it is inadmissible as a legal conclusion because contract interpretation is a matter of law to be determined by the court).

**Mr. Barton's Position:** See Barton's response to #1.  On 490-495, RI says Barton asked for the calls but didn't counter-sue Barton.  Barton only asks for the facts of why.  The answers could be from "we could not afford it" to "our name was not listed in the website's consent disclosure".  Neither are legal conclusions.

"Century Surety argues that Defendants should be prohibited from inquiring into legal matters, rather than factual matters, because depositions cannot be used to develop legal theories. The Court disagrees." *Century Sur. Co. v. Smith*, Civil Action No. 14-cv-00947-RM-MJW, 2 (D. Colo. Jan. 21, 2015)

3. **Questions That Call for Mental Impressions of Attorney, For example:**

**Question #2:** Does RI contend that it had consent to call the (972) 207- 5749 phone number at any time in the year 2023? If YES, what facts support RI's contention? What documents does RI believe support RI's facts? If NO, does RI contend that RMG had consent to call the (972) 207-5749 phone number and transfer calls to RI? Could BPO do it?

**Question #77:** If RI does not agree that Exhibit A (Page 45 of Dkt. 12) does not modify the Lead Provision Agreement (Pages 43-44 of Dkt. 12) because it was not signed by RMG, what witnesses does RI have that support RI's assertion?

**Question #79:** Ignoring Exhibit A (Pge 45 of Dkt. 12), what if any parts of the Lead Provision Agreement (Pages 43-44 of Dkt. 12) do you think RMG didn't honor. Please highlight them on this copy of the Lead Provision Agreement.

**Additional questions which are in the same vein are numbers: 7, 14, 15, 16, 74, 75, 76, 80, 81, 281-292, & 490-495.**

**Real Innovation's Position:** Questions posed in this manner call for the mental impressions of Real Innovation's attorneys and seek a dress rehearsal of trial. These questions request each "fact", "document," or "witness" that support either a contention or legal position. This necessarily requires disclosure of the mental impressions of Real Innovation's counsel as to what documents, facts, or witnesses may be used at trial or why a legal position was taken. That information is protected by the attorney work-product doctrine.

Fed. R. Civ. P. 26(b)(3)(B); *Johnson v. Ocean Ships, Inc.*, No. C05-5615RJB, 2006 U.S. Dist. LEXIS 52281, at *8-9 (W.D. Wash. July 31, 2006) (holding that "the

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

exact documents and witnesses the [Defendant] intends to use for each affirmative defense reveals counsel's mental impressions, is work product and so is privileged."); *Cmty. Ass'n for Restoration of the Env't, Inc. v. Henry Bosma Dairy*, No. 13-cv-3019-TOR, 2014 U.S. Dist. LEXIS 205275, at *8 (E.D. Wash. Sept. 8, 2014) (citing *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (citing *In re Murphy*, 560 F.2d 326, 337 (8th Cir. 1977))).

**Mr. Barton's Position:** See Barton's responses to #1 and #2. "No party argues that the topics advanced by Plaintiff cannot constitute contention interrogatories, which are readily allowed in this District and elsewhere . . .The Court is unpersuaded that a party can ask for relevant information via one discovery tool, but that a deposition cannot involve the exact same questions" *Pflughoeft v. Kan. & Okla. R.R.*, No. 22-1177-TC-RES, 2 (D. Kan. Sep. 1, 2023)

4. **Questions That Are Overly Burdensome, Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence, and Not Proportional to the Needs of the For example:**

> **Question #335:** **During the time RMG was transferring Leads to RI, how many people they transferred to RI indicated that they did not know why they were called? On what dates did these indications happen?**

> **Question #338:** **During the time RMG was transferring Leads to RI, how many people they transferred to RI indicated that prior to the call being transferred to RI, the Lead heard the name "Senior Benefits" on the call? On what dates did these indications happen?**

**Additional questions which are in the same vein are numbers: 335-342.**

**Real Innovation's Position:** Questions like the this relate to interactions with people other than Mr. Barton and do not relate to the specific calls for which Mr. Barton complains. Additionally, 47 CFR § 64.1200(d)(3) & (d)(6) only requires creation and maintenance of a "do-not-call" list when an entity "receives a requests . . . not to receive calls." 47 CFR § 64.1200(d)(3). Mr. Barton's intended questions go far beyond "do-not-call" requests and the statutory documentation requirements. These types of questions could be better obtained through other forms of discovery.

Moreover, because the specific information sought by Mr. Barton is not required to be documented, responding would require significant time, labor, and expense to first identify which calls transferred to RI were from RMG or BPO over a two-year period, obtain the recordings, review possibly hundreds of recordings, and then determine if the person identified to the company that they "did not know why

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111

they were called", "did not give permission to be called," stated they "heard the name 'American Benefits'" or "'Senior Benefits'", stated they "did not know why they were called," or stated they "did not give permission to be called."

FRCP 26(b)(1)-(2).

**Mr. Barton's Position:** #1 – RI demands we take their word the requests are overly burdensome.  And this line of questioning is critical to Barton's case involving hundreds of phone calls – RI knew or should have known that RI's telemarketers RMG and BPO were calling people without consent because of the frequency by which called parties complained of unwanted calls or were bewildered as to why they were called.  Only RI has the critical information of how many complaints RI received, and when.  *Adamson*.

"Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored." *In re Shefsky*, 2:23-cv-00633-JCM-BNW, 22 (D. Nev. May. 20, 2024)

RI should already have half this information via 47 CFR § 64.1200(d)(3) and 47 CFR § 64.1200(d)(6). It's on RI if they did not document called parties who complained about unwanted calls or expressed they had not consented to the call *at the time of the calls*.

And RI should know if the Telemarketers they hired, RMG and BPO, were using the fake monikers American Benefits or Senior Benefits in the calls RMG and BPO were transferring to RI.  Indeed, RI was contractually obligated to prevent RMG from committing any TCPA violations in the calls RMG transferred to RI.


DATED February 14, 2025                NATHEN BARTON


                                       /s/ Nathen Barton_____



DATED February 14, 2025                MAUSETH LEGAL, PLLC

                                       J. Mauseth_____
                                       Jensen S. Mauseth WSBA No. 45546
                                       Mauseth Legal, PLLC
                                       16108 Ash Way, Suite 201
                                       Lynnwood, WA 98087

JOINT DISCOVERY DISPUTE STATEMENT - 6
Case No.: 3:24-CV-05194-DGE

1

Telephone:     (425) 242-5111
Fax:            (425) 242-5114

2

Email:          jmauseth@mausethlegal.com

3

*Attorneys for Defendants Real Innovation, Inc.*

4

*and Peter Reierson.*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT DISCOVERY DISPUTE STATEMENT - 7
Case No.: 3:24-CV-05194-DGE

1

**CERTIFICATE OF SERVICE**

2      I hereby certify under the penalty of perjury under the laws of the State of

3  Washington that on the date given below, I caused to be served a true and correct copy of

4  the foregoing JOINT DISCOVERY DISPUTE STATEMENT to the following person(s) in

5  the manner indicated below at the following address(es):

6

7      X Electronic Service   __ Electronic Mail   X U.S. Mail   __ Hand Delivery

8

9  Nathen Barton
   4618 NW 11th CIR                         Deryck D. Richardson
10 Camas, WA 98607                          4843 Drayton Rd.
   Tel.: (972) 207-5749                     Hilliard, OH 43026
11

12 Richardson Marketing Group, LLC
   c/o Deryck D. Richardson
13 4843 Drayton Rd.
   Hilliard, OH 43026
14

15     DATED this 17th day of February 2025, at Lynnwood, Washington.

16

17     _Jensen Mauseth_ _____

18     Jensen Mauseth

19

20

21

22

23

24

25

26

27

28 JOINT DISCOVERY DISPUTE STATEMENT - 8
   Case No.: 3:24-CV-05194-DGE

MAUSETH LEGAL, PLLC
16108 Ash Way, Suite 201
Lynnwood, WA 98087
(425) 242-5111