UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON, | CASE NO. 3:24-cv-05194-DGE |
| Plaintiff, | ORDER REGARDING DISCOVERY DISPUTE |
| v. | |
| REAL INNOVATION INC. et al., | |
| Defendant. | |

The Court is in receipt of the Parties' second Joint Discovery Dispute (Dkt. No. 53.) The Court previously struck Plaintiff's 30(b)(6) notice in its entirety, finding that it was overbroad on its face due to having 503 topics, and directed Plaintiff to serve a narrower notice. (Dkt. No. 52.) The Court finds that it is premature to schedule a discovery hearing or rule on any disputes because Plaintiff has apparently not yet served a new 30(b)(6) notice.

In general, the Court agrees with Defendant that 30(b)(6) notices should not be used in place of contention interrogatories. While other courts have taken a more expansive view of Rule 30(b)(6) (*see Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of New Mexico*, 273

ORDER REGARDING DISCOVERY DISPUTE - 1

F.R.D. 689, 691 (D.N.M. 2011)), this Court has in the past disfavored use of 30(b)(6) notices in this manner. *See Adamson v. Pierce Cnty.*, No. 3:21-CV-05592-TMC, 2023 WL 7280742, at *5 (W.D. Wash. Nov. 3, 2023) ("Contention interrogatories are sometimes a more appropriate discovery vehicle than a Rule 30(b)(6) deposition where a party seeks to use a 30(b)(6) deposition to explore the facts underlying the legal claims and theories asserted by the opposing party"); *see also Club v. BNSF Ry. Co.*, No. C13-0967-JCC, 2016 WL 4528452, at *3 (W.D. Wash. Aug. 30, 2016) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery" (citation omitted)). This Court has also held that "questions seeking legal opinions from lay persons deposed under Rule 30(b)(6) are improper" and "[i]nstead, such questions are better suited to contention interrogatories." *Mitchell v. Atkins*, No. 3:19-CV-5106-RBL, 2019 WL 6251044, at *2 (W.D. Wash. Nov. 22, 2019). Finally, this Court has held that "the work product doctrine applies to the disputed Rule 30(b)(6) topics only to the extent that [plaintiff's] questions would require the deponent to divulge 'mental impressions, conclusions, opinions or legal theories'" and that deponents can be asked about "relevant facts, but the deponent is not required to divulge opinion work product." *Schreib v. Am. Fam. Mut. Ins. Co.*, 304 F.R.D. 282, 288 (W.D. Wash. 2014). This Court intends to take an approach consistent with these prior opinions.

The Court reiterates that it will not engage in a line-by-line reading of a significantly overbroad 30(b)(6) notice, especially where a new notice has not yet been served, and the Court cannot make any preemptive or advisory rulings. Consistent with the Court's previous order on this matter, the Court directs Plaintiff to use other appropriate discovery tools, such as contention interrogatories, to narrow the 30(b)(6) topics. Once Plaintiff re-notes the deposition with

narrowed topics, the Court may hold a hearing on any remaining disputes and consider a protective order.

Dated this 25th day of February, 2025.

David G. Estudillo
United States District Judge

ORDER REGARDING DISCOVERY DISPUTE - 3